GEORGE SIMMONS *vs.* WILLIS A. LANDER.

Franklin.　Opinion December 14, 1892.

*Insolvency. Action. Continuance. Exceptions. R. S., c. 82, § 54; Stat. 1887, c. 111.*

Where a defendant, while in insolvency, might have had an action against him continued until his insolvency proceedings were closed, permitted the action to be defaulted without appearance on his part, and at a later term (the action having been continued for judgment) moved to have the default

removed in order to enable him to plead his discharge then obtained, it is within the discretion of the presiding Judge to grant the motion or not, and exceptions do not lie to his decision of the question.

ON EXCEPTIONS.

The case is stated in the opinion.

*J. H. Thompson*, for plaintiff.
*J. C. Holman and Frank W. Butler*, for defendant.

PETERS, C. J.   The defendant, while in insolvency in the insolvent court of Somerset county, was sued upon a note of hand in Franklin county, to which action his discharge in insolvency, subsequently obtained, would have been a defense if it could have been pleaded.   Making no appearance in the action against him, it was defaulted and continued for judgment. At a later term the defendant, having received his discharge, moved that the default be taken off in order to allow him to plead the discharge in bar of the action.   The motion, upon hearing, was denied.   It does not appear that the defendant was guilty of any neglect either in the matter of the suit or the insolvency proceedings further than his omission, through an alleged ignorance of its necessity, to answer to the action.

It is contended in behalf of the defendant that he was entitled, as a matter of right, to a defense in the defaulted action by force of the provision of the R. S., c. 82, § 54, as amended by c. 111 of the laws of 1887, which declares that "all actions for debt provable in insolvency, when it appears that the defendant therein has filed his petition in insolvency before or after the commencement of the suit, *shall be continued* until the insolvency proceedings are closed; unless the defendant fails to use due diligence in the proceedings to obtain his discharge."

This a strong and clear statutory declaration, designed to prevent the annoyance of suits in one tribunal while a manifest defense to them is being obtained in another tribunal, and to establish uniformity of practice in such matters in court.   But the statute does not execute itself.   There must be some one in court to invoke its application.   "When it *appears* that the defendant has filed his petition," are the significant words of the section.

In this case the fact did not appear and the action was for that reason defaulted. The presumption may well be that the defendant did not desire to interpose any defense. Owing to his own neglect the defendant became obliged to appeal to the judge for relief from the situation he found himself in. While in most all cases of this kind, a judge would, either with or without the imposition of terms, extend relief to the supplicant, for the interest alike of the insolvent and his creditors generally, still there may be occasional cases where the application for relief should, in the furtherance of justice, be denied. The present case discloses enough to indicate that it was for good reason regarded as an injustice to the plaintiff to allow the defendant to have the benefit of his proposed defense.

At all events, such questions are for the judge to decide according to his judgment and discretion, and, in all ordinary cases at least, his exercise of such discretion is conclusive on all parties concerned. *Reed* v. *Cumberland and Oxford Canal Corporation*, 65 Maine, 132.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.